**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1591
_____

THOMAS W. OLICK,
                                    Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; CITY OF EASTON;
EASTON POLICE DEPARTMENT; OFFICER BRUNEO;
SERGEANT MARRACCINI; LIEUTENANT LOHENITZ
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action Nos. 5-15-cv-05786 & 5-15-cv-05820, consolidated)
District Judge:  Honorable Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 12, 2021
Before:  CHAGARES, PHIPPS, and COWEN, Circuit Judges

(Opinion filed September 2, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Thomas W. Olick appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania, after a jury trial, in favor of Defendant, Sergeant Marraccini[1] of the Easton Police Force.  Olick also appeals the District Court's orders entered on November 6 and December 20, 2019.  We will affirm the District Court's judgment and orders.

As we write primarily for the parties, we assume familiarity with the facts and procedural history of this case.  Pertinent here, in August 2015, Olick went to the Easton Police Department to file a complaint against a police officer.  A different police officer, Sergeant Marraccini, came to the lobby to talk to Olick about the complaint.  Video surveillance footage shows that after a verbal confrontation, Olick approached Marraccini, touching his nose.  Marraccini pushed him back.  Olick fell.  Marraccini arrested Olick for harassment.  Olick was then taken to a hospital for treatment of his shoulder.  Olick later was criminally convicted of the summary offense of harassment by physical contact.

Later in 2015, Olick filed a complaint in the District Court against Marraccini and several other defendants, raising a number of claims. The District Court granted the Defendants' motion to dismiss, and Olick appealed.  We dismissed his appeal in part, affirmed the District Court's judgment in part, and vacated it in part.  We remanded to the

---

[1] Sergeant Marraccini's name is spelled in various ways in the record, including in our caption, which is copied from the District Court.  We have opted to correct the spelling in this opinion.  See Supplemental Appendix, Vol. I, App. Dkt. #59-1 at 74 (Sergeant Marraccini spelling his name in a hearing).

District Court for further proceedings as to Olick's excessive force claim against Marraccini. See Olick v. Pennsylvania, 739 F. App'x 722, 727 (3d Cir. 2018) (per curiam, not precedential).

On remand, Marraccini answered Olick's complaint and added a counterclaim in recoupment against Olick for assault and battery. Amended Answer & Counterclaim, Dkt. #43. The District Court denied Olick's motion to dismiss the counterclaim. Order, Dkt. #58. Following a hearing on pending motions, see Dkt. #119, the District Court reiterated in a November 6, 2019 pretrial order that the counterclaim could proceed. Order, Dkt. #95. In the same order, the District Court granted Marraccini's motion in limine, precluding Olick from introducing at trial propensity evidence against Marraccini. Id.

Soon after, Olick filed a "Motion to preclude Defendant's Exhibits D-19, D-20 and D-21[2] and to Enter an Order Finding that Defendant, his Counsel and Witness Captain Beitler Engaged in Contempt of Court." Dkt. #99. After another hearing, the District Court, in a December 20, 2019 order, granted Olick's motion to the extent that

---

[2] Defendants discovered and produced these three documents after the police criminal investigation had concluded. Exhibit D-19 is an Administrative Investigation Report, summarizing steps and interviews in the investigation process. Although Olick received this summary late in the game, he already had received the reports and videos described in the summary. Exhibit D-20 is an Easton Police Department Internal Investigation Checklist—no substantive information is included on the form; the form simply checks off the steps taken. Exhibit D-21 is a Notice of Disposition, explaining that Olick's complaint was unfounded and that Sergeant Marraccini had not violated the police department's policy. Although Olick had not received this "disposition" report previously, he was aware of the Department's conclusions.

Marraccini was not allowed to introduce Exhibits D-19, D-20, and D-21 unless Olick "open[ed] the door to their admission, in which case [Marraccini could] use these exhibits as rebuttal evidence." Order, Dkt. #112. The District Court denied Olick's request to hold Marraccini, his counsel, and his witness in contempt for allegedly failing to produce certain documents in discovery. Id.[3]

The matter proceeded to a three-day trial before a jury. The jury determined that Sergeant Marraccini did not intentionally violate Olick's right to be free from excessive force. Verdict, Dkt. #143. The District Court entered a civil judgment in favor of Marraccini and against Olick, Dkt. #142, and dismissed Marraccini's counterclaim against Olick, Dkt. #147. Olick timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. Olick raises two issues on appeal. The first is that the District Court abused its discretion when it denied his motion for sanctions based on the Defendants' alleged discovery violations and when the Court denied Olick further discovery. We review a district court's rulings on discovery matters for abuse of discretion. Eisai, Inc. v. Sanofi Aventis, U.S., LLC, 821 F.3d 394, 402 (3d Cir. 2016).

We conclude that the District Court did not abuse its discretion in denying Olick's discovery motions. As the District Court noted, to the extent Olick asked for a contempt

---

[3] Olick filed an interlocutory appeal, seeking to appeal the orders entered on November 6 and December 20, 2019. We dismissed that appeal for lack of jurisdiction. See C.A. No. 20-1005 (order entered Jan. 10, 2020). We also dismissed Olick's petition for permission to appeal. See C.A. No. 20-8002 (order entered Jan. 10, 2020).

ruling, no such ruling was warranted as the Defendants were not under any court order compelling them to produce particular documents. And while the Defendants did produce three documents soon before trial (Exhibits D-19, D-20, and D-21), Olick was not prejudiced by their late production. First, the District Court granted Olick's motion to preclude introduction of the documents at trial. And more importantly, nothing in those documents supported Olick's claims that Marraccini used excessive force against him. Olick's other allegations, of "spoilage" and "concealment" of documents, are not supported by the record.

Olick's second argument on appeal is that the District Court denied him a full and fair jury trial when it (1) allowed Marraccini's counterclaim to proceed, but (2) did not submit the counterclaim to the jury. We need not consider whether the District Court erred in either respect, because even if it did, Olick's argument is moot. Marraccini's counterclaim was for recoupment—he sought "damages . . . in an amount not to exceed any award of damages granted to Plaintiff as a result of Plaintiff's Complaint." Amended Answer and Counterclaim, Dkt. #43 at 17. Because the jury awarded Olick *no* damages, the District Court properly dismissed Marraccini's counterclaim in recoupment. See Order, Dkt. #147. And because Olick has provided us with no reason to overturn the jury's verdict, we can grant no relief with regards to Marraccini's counterclaim. See Uzuegbunam v. Preczewski, 141 S. Ct. 792, 796 (2021) ("[I]f in the course of litigation a

court finds that it can no longer provide a plaintiff with any effectual relief, the case generally is moot.").[4]

For all of these reasons, we will affirm the District Court's judgment.

---

[4] Olick's brief could generously be construed as raising a third issue, challenging the District Court's ruling to disallow evidence that would purportedly show Marraccini's propensity for using excessive force. But Olick does not explain how the District Court erred in that regard, since "Rule 404(b) [of the Federal Rules of Evidence] prohibits the admission of other acts evidence for the purpose of showing that an individual has a propensity or disposition to act in a particular manner." Ansell v. Green Acres Contracting Co., 347 F.3d 515, 520 (3d Cir. 2003). We discern no abuse of discretion in the District Court's ruling. See id. at 519 (explaining that if evidence could be admissible in some circumstances, we review a district court's ruling on that evidence for abuse of discretion).